BENJAMIN C. MIZER
Acting Assistant Attorney General
MELINDA HAAG
United States Attorney
JOEL McELVAIN
Assistant Director, Federal Programs Branch
PETER M. BRYCE (Illinois Bar No. 6244216)
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch

P.O. Box 883, Room 7138
Washington, D.C. 20044
Telephone: (202) 616-8335
Facsimile: (202) 616-8470
Peter.Bryce@usdoj.gov

Attorneys for Defendant, Sylvia Mathews Burwell

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KAISER FOUNDATION HEALTH PLAN,<br><br>      Plaintiff,<br><br>  v.<br><br>SYLVIA MATHEWS BURWELL, IN HER<br>OFFICIAL CAPACITY AS SECRETARY OF<br>HEALTH AND HUMAN SERVICES,<br><br>      Defendant. | CASE NO. 3:14CV5255  EMC<br><br>**STIPULATED PROTECTIVE ORDER** |

## PROTECTIVE ORDER

1.      In this action for review on an administrative record, the relevant administrative record ("Administrative Record") contains a significant amount of medical records, and information derived therefrom, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order:

2.      Subject to the requirements of this Protective Order, in connection with the production of the Administrative Record in this case, Defendant Sylvia M. Burwell, Secretary, Department of Health

1   and Human Services, is authorized to release government records, documents, and other information,

2   including computerized or electronic information, that are protected from disclosure by the Privacy Act

3   of 1974, 5 U.S.C. § 522a, or the Health Insurance Portability and Accountability Act of 1996 (HIPAA)

4   Privacy Rule, 45 C.F.R. pts. 160, 164, or whose disclosure might otherwise intrude upon the privacy

5   interests of a third party or parties, without obtaining the prior written consent of the individual or

6   individuals to whom the records or information pertain.

7        3.      The Administrative Record produced subject to Paragraph 2 above, and any documents

8   contained therein, are hereinafter referred to as "Covered Documents." All information derived from

9   Covered Documents, even if incorporated in another document or compilation or referred to in

10  testimony, is hereinafter referred to as "Covered Information." Information obtained independent of any

11  access to Covered Documents shall not be considered "Covered Information" subject to this Protective

12  Order even if the same or similar information is contained within Covered Documents.

13       4.      Covered Documents and Covered Information may be used only for the purposes of this

14  action. All Covered Documents and all copies thereof must be returned to Defendant or destroyed by

15  Plaintiff's counsel within 60 days after final judgment in this action. The term "final judgment" as used

16  herein shall mean the entry of a judgment or dismissal that is final and not appealable. Any pleadings or

17  other court filings created or filed by Plaintiff or its counsel that contain Covered Documents or Covered

18  Information and are retained by Plaintiff or its counsel as part of their litigation files remain subject to

19  the terms of this Protective Order. Any other documents created by Plaintiff or its counsel, or anyone

20  working with them or on their behalf, that contain Covered Information must be destroyed by Plaintiff's

21  counsel or returned within 60 days after final judgment in this action. Plaintiff's counsel will certify to

22  Defendant's counsel in writing within 60 days after final judgment in this action that such documents

23  have been returned or destroyed.

24       5.      Covered Documents shall be marked by Defendant prior to production as "SUBJECT TO

25  PROTECTIVE ORDER," or contain a similar marking. For any Covered Documents, such as electronic

26  data, whose medium makes such stamping impracticable, the case and any accompanying paper or e-

27  mail cover letter shall be marked "SUBJECT TO PROTECTIVE ORDER," or contain a similar

28  marking. Except as provided in paragraph 6 below, no person who obtains access to Covered

PROTECTIVE ORDER
3:14CV5255

Documents or Covered Information shall disclose those records or that information without further order of the Court.

6.    Plaintiff's counsel may only disclose Covered Documents and Covered Information to (a) the Court and its personnel, including court reporters; (b) the attorneys of record for the parties and persons regularly in the employ of such attorneys who have a need for Covered Documents or Covered Information in the performance of their duties in connection with this action; (c) the plaintiff; (d) employees of Defendant. Any disclosure by Plaintiff or its counsel and anyone working with them or on their behalf shall be made only for litigation purposes related to this action.

7.    Any person listed in paragraph 6 (except the Court, Defendant's employees, and the parties' counsel) to whom disclosure of Covered Documents or Covered Information is to be made must sign the Acknowledgment of Protective Order attached hereto before disclosure.

8.    Plaintiff and its counsel shall not disclose Covered Documents or Covered Information to any persons except those enumerated in paragraph 6 without obtaining the prior express written approval of counsel for Defendant. If counsel for Defendant does not provide such consent to disclosure, then Plaintiff may, on motion, seek modification of this Protective Order by the Court.

9.    All individuals to whom Covered Documents and Covered Information are disclosed by Plaintiff or its counsel shall, after final judgment in this action, or when they are no longer participating in, or assigned or retained to work on, this case, whichever comes earlier, destroy or return to Plaintiff's counsel records and information and all copies thereof protected by the Order so that the records and information may be returned to counsel for Defendant or destroyed within 60 days after final judgment in this action.

10.    In filing the Administrative Record the Court pursuant to Local Civil Rule 16-5, the parties will seek leave to file it under seal pursuant to Local Civil Rules 79-5 and 7-12.  Any other pleadings or court filings that include Covered Documents or Covered Information shall either be redacted or de-identified in accordance with 45 C.F.R. pts. 160, 164, including, but not limited to, 45 C.F.R § 164.514, or filed under seal in accordance with Civil Local Rule 79-5.

11.    The designation, or failure to designate, any materials as Covered Documents or Covered Information shall not constitute a waiver of any party's assertion that the materials are covered by this

Protective Order.

12.    Each party reserves the right to seek to modify the terms of this Protective Order at any time, and each party reserves the right to oppose any motion to modify the terms of this Protective Order.

13.    This Protective Order does not constitute a ruling on the question of whether any particular record or information is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability of any record or information, other than objections that the information may not be disclosed under the Privacy Act or the HIPAA Privacy Rule.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

BENJAMIN C. MIZER
Acting Assistant Attorney General
MELINDA L. HAAG
United States Attorney
JOEL McELVAIN
Assistant Branch Director
Civil Division

Dated: April 3, 2015

/s/ Peter M. Bryce
PETER M. BRYCE (IL Bar No. 6244216)
Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883, Room 7138
Washington, D.C. 20044
Tel: (202) 616-8335
Fax: (202) 616-8470
E-mail: peter.bryce@usdoj.gov

(I, Peter Bryce, attest that concurrence in the filing of this document has been obtained from each of the other Signatories.)

Dated: April 3, 2015

/s/
Gregory Neil Pimstone
Manatt Phelps & Phillips, LLP
11355 West Olympic Coulevard
Los Angeles, CA 90064-1614
310-312-4000
Fax: 310-312-4224
Email: gpimstone@manatt.com

PROTECTIVE ORDER
3:14CV5255

1    PURSUANT TO STIPULATION, IT IS SO ORDERED.

2

3 Dated: 4/6/15

4            United States District Judge



PROTECTIVE ORDER
3:14CV5255

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

KAISER FOUNDATION HEALTH PLAN,    )  CASE NO. 3:14CV5255  EMC
    )
        Plaintiff,    )
    )
  v.    )
    )
SYLVIA MATHEWS BURWELL, IN HER    )
OFFICIAL CAPACITY AS SECRETARY OF  )
HEALTH AND HUMAN SERVICES,    )
    )
        Defendant.    )

## **ACKNOWLEDGMENT OF PROTECTIVE ORDER**

I, _____, hereby acknowledge that:

1.    I have read and understand the Protective Order (the "Order") entered in this action, and hereby agree to be bound by the terms of the Order.

2.    I agree that I will use records and information protected by the Order only for purposes of this action, and not for any other purpose of any kind.

3.    I agree that I will not disclose any documents or information protected by the Order to anyone except as expressly permitted by the Order or by further order of the Court.

4.    I agree that after final judgment in this action (as defined by the Order), or when I am no longer participating in, or assigned or retained to work on, this case, whichever comes earlier, records and information and all copies thereof protected by the Order will be destroyed or will be returned to Plaintiff's counsel so that the records and information may be returned to counsel for Defendant or destroyed within 60 days after final judgment in this action.

5.    I hereby confirm that my duties under this Acknowledgment shall survive the termination of this case and shall be binding upon me unless and until they are modified by further order of the Court.

6.     I hereby consent to the personal jurisdiction for the United States District Court for the Northern District of California for the purpose of enforcement of the Order.


Date:


_____

signature


_____

print name

PROTECTIVE ORDER
3:14CV5255